UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight A. Rudisill, #14698-058, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>M. Travis Bragg, Warden, )<br>)<br>Respondent. )<br>_____ ) | C/A No. 4:13-1327-CMC-TER<br><br><br><br>Report and Recommendation |

Petitioner Dwight A. Rudisill ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at the Federal Correctional Institution in Bennettsville, South Carolina. Petitioner seeks discharge from prison. This is his third attempt to seek release via a § 2241 petition in this Court. For the reasons that follow, the undersigned recommends the District Court dismiss the petition in this case without prejudice and without issuance and service of process.

*Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

Even under this less stringent standard, however, this Court is charged with screening the Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F2d 387 (4th Cir. 1990).

Background and Discussion

Petitioner claims, at the outset of his petition, that he is challenging the "sentence calculation or lack of sentence credits by prison" by placing two x-marks next to that option on the standard form. ECF No. 1 at 2. However, he makes clear throughout his petition that he instead challenges his conviction and sentencing. In terms of grounds for relief, he calls his sentence "unauthorized" ECF No. 1 at 8; calls his judgment "void", *Id.*; and claims his Fifth Amendment, Sixth Amendment, and Due Process rights were infringed during his criminal prosecution, ECF No. 1 at 9. In short, all of the grounds he cites for relief actually challenge his conviction and sentence, not the calculation of his sentence. In terms of relief, "Petitioner seeks declaratory relief and an injunction ordering the BOP to modify Petitioner's term of imprisonment to time served and

immediate release pursuant to 18 U.S.C. 3582(c) and 18 U.S.C. 3624; and 18 U.S.C. 3626." ECF No. 1 at 9-10. Petitioner only briefly mentions calculation issues, in an attachment to the Petition. He complains that, as the Bureau of Prisons (BOP) "knew or had reason to know" that the District Court's jurisdiction was limited, that his sentence was not enforceable. ECF No. 1-1 at 5-6. He seems to assert that the BOP should have ignored the Court's order and calculated the sentence based on Petitioner's interpretation of the sentencing rules. He does not present any facts to indicate that an actual calculation issue is at stake in this case.

As an initial matter, it is noted that Petitioner has filed two previous § 2241 petitions in this Court. *See Rudisill v. Drew*, C/A No. 4:10-761-CMC-TER and *Rudasill v. Drew*, C/A No. 4:11-956-CMC-TER.[2]  As in the instant action, Petitioner's prior § 2241 petitions also alleged that he was deprived of his right to counsel and that the sentencing court lacked jurisdiction to impose Petitioner's sentence. Each of those petitions were dismissed without prejudice prior to the issuance of service of process. Thus, this duplicate § 2241 habeas petition should be dismissed in the interest of judicial economy and efficiency .

However, even if the instant case was not considered a duplicate filing, it would still be subject to summary dismissal. "As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*)). Section 2255 states:

---

2 A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or <u>that the court was without jurisdiction to impose such sentence</u>, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a)(emphasis added). In his § 2241 habeas petition, Petitioner claims his criminal judgment is "void." ECF No. 1 at 8. As Petitioner challenges his federal conviction and sentence, the proper avenue for relief would be a § 2255 motion in the sentencing court, rather than through a § 2241 habeas petition in this Court, the district where Petitioner is confined.

A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless</u> it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e)(emphasis added). This Court is prohibited from considering Petitioner's § 2241 petition unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. In the instant action, Petitioner has filed two unsuccessful § 2255 motions in the sentencing court. However, the Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nor is the savings clause satisfied merely because a petitioner

is unable to meet the requirements to file a successive § 2255. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320 at *2 (D.S.C. Sept. 18, 2006). Thus, the fact that Petitioner was denied relief under § 2255 in the sentencing court does not render that statute inadequate or ineffective to test the legality of his conviction.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Petitioner's claim does not fall under these criteria, and is insufficient to invoke the savings clause embodied in § 2255. As such, he is barred from proceeding under § 2241 and this petition should be dismissed.

## Motion for a Preliminary Injunction

In addition to the petition, Petitioner files a Motion for Preliminary Injunction asking "this Court to have this cause and his request for a preliminary injunction heard before a three-judge district court convened pursuant to 28 U.S.C. 2284 and 18 U.S.C. 3626(E)." ECF No. 5 at 1.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Petitioner's requested relief is based on an apparent misunderstanding of civil procedure; this case has been filed on the District Court

level and is not on appeal before the Fourth Circuit. Petitioner has not established that he is likely to suffer irreparable harm in the absence of preliminary relief.

Additionally, a preliminary injunction may only be issued after notice to the adverse party. Fed.R.Civ.P. 65(a)(1). Petitioner does not indicate that he has issued notice to the adverse party that he has made a motion for an injunction.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice* and *without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. It is also recommended that the Motion for a Preliminary Injunction be denied. **The Petitioner's attention is directed to the important notice on the next page.**

                                                s/Thomas E. Rogers, III  
                                                Thomas E. Rogers, III  
August 28, 2013                           United States Magistrate Judge  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).